491 So.2d 38 (1986)
STATE of Louisiana
v.
Victor GUIRLANDO.
No. KA 85 1386.
Court of Appeal of Louisiana, First Circuit.
May 28, 1986.
George H. Ware, Dist. Atty. and Charles A. Shropshire, Asst. Dist. Atty., Clinton, for plaintiff-appellee.
Katherine S. Williamson, Alexandria, for defendant-appellant.
Before EDWARDS, LANIER and JOHN S. COVINGTON, JJ.
LANIER, Judge.
Victor Guirlando was indicted by the East Feliciana Parish Grand Jury for possession of contraband at a State correctional institute in violation of La.R.S. 14:402. He was tried before a jury, which returned the responsive verdict of guilty of attempted possession of contraband, in violation of La.R.S. 14:27 and 402. Before sentencing, the State filed a bill of information charging defendant as a habitual offender, pursuant to La.R.S. 15:529.1. After a hearing, the trial court sentenced defendant to five years at hard labor to be served consecutively to any other sentence. This appeal followed.

FACTS
Defendant was an inmate at Dixon Correctional Institute (Dixon), pursuant to convictions and sentences for one count of *39 simple robbery and four counts of simple burglary. On December 31, 1984, during a routine "shake-down" of defendant's belongings at Dixon, one marijuana cigarette was found hidden in a Bible in the defendant's footlocker. Sergeant Roy Duncan, the correctional officer who found the contraband, immediately turned it over to Captain (then Lieutenant) Joe Williams, who secured the evidence and ultimately delivered it to the Louisiana State Police Crime Laboratory. Scientific analysis confirmed that the cigarette was marijuana. Defendant was then charged with the possession of contraband.

ADMISSIBILITY OF PHYSICAL (DEMONSTRATIVE) EVIDENCE

(Assignments of Error 2, 3 and 4)[1]
Defendant contends the trial court committed error by admitting into evidence the marijuana cigarette, the evidence envelope which contained the marijuana cigarette and the plastic envelope with the chain of evidence form taped to it (State Exhibits 1, 2 and 3) because the State failed to establish a proper chain of custody.
Sergeant Duncan testified he found the marijuana cigarette in a Bible in the defendant's footlocker. He immediately turned the cigarette over to Captain Williams. Captain Williams testified he received the cigarette from Sergeant Duncan and personally placed it in a contraband safe at Dixon. Captain Williams placed the marijuana cigarette in the evidence envelope, placed the evidence envelope in the plastic envelope and taped the chain of evidence form to the plastic envelope. Captain Williams identified his signature on the chain of evidence form. Captain Williams brought the marijuana to the State Police Crime Laboratory (Crime Lab.). The scientific analysis report of the Crime Lab. (State Exhibit 4) shows the suspected marijuana was received on January 8, 1985, at 3:05 p.m. by Libby O. Martin from Lieutenant Joe Williams. On February 9, 1985, the material submitted was examined by a forensic scientist and confirmed as marijuana. The Crime Lab. assigned number SP-00165-85 to this case, and the inscription "SP-165-85 1-8-85" appears on the chain of custody form. The chain of custody form has "EVIDENCE REPORT # 98522" on it, and the Crime Lab. report refers to "Victor Guirlando # 98522 Parish: East Feliciana". Prior to trial, Captain Williams returned to the Crime Lab. and got the marijuana cigarette, evidence envelope and the plastic envelope with the chain of custody form on it and brought them to court. At the trial, he identified these items as those which he turned over to the Lab.
Physical evidence can be admitted into evidence only after it is shown that, more probable than not, the evidence is connected to the case. That foundation can be laid by establishing a chain of custody of the evidence or by visual identification. Once that foundation is established, the weight to be given the evidence is a question for the jury. State v. Kirkley, 470 So.2d 1001 (La.App. 1st Cir.1985), writ denied, 475 So.2d 1105 (La.1985).
The evidence is sufficient to connect the marijuana, the evidence envelope and the plastic envelope with the chain of custody form on it with this case.
These assignments of error are without merit.

SUFFICIENCY OF EVIDENCE
The defendant contends the evidence is insufficient to show "he possessed or attempted to possess the contraband in question."
In State v. Mathews, 375 So.2d 1165 (La. 1979), a majority of the Louisiana Supreme Court determined that the United States Supreme Court case of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), required that the standard of review when considering the sufficiency of the evidence to support a criminal conviction is whether, after reviewing the evidence in the light most favorable to the *40 prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This standard for the appellate review of facts in criminal cases has been made statutory. La.C.Cr.P. art. 821; State v. Captville, 448 So.2d 676 (La.1984); State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983). The Jackson standard of Article 821 is an objective standard for testing the overall evidence, direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, La.R.S. 15:438 provides that the finder of fact must be satisfied the overall evidence "excludes every reasonable hypothesis of innocence." La.R.S. 15:438 does not establish a stricter standard of review than the Jackson standard but "provides a helpful methodology for its implementation in cases which hinge on the evaluation of circumstantial evidence." State v. Chism, 436 So.2d 464, 470 (La. 1983).
A plea of not guilty places upon the State the burden of proving beyond a reasonable doubt each element of the crime charged. La.R.S. 15:271; La.C.Cr.P. art. 804(A)(1); State v. Humphrey, 412 So.2d 507 (La.1981); State v. Gomez, 433 So.2d 230 (La.App. 1st Cir.1983), writs denied, 440 So.2d 730 (La.1983) and 441 So.2d 747 (La.1983).
The possession of contraband is analogous to the possession of a controlled dangerous substance. One need not physically possess the controlled dangerous substance to violate the prohibition against possession; constructive possession is sufficient. It is well settled that a person may be in constructive possession of a controlled dangerous substance if it is subject to his dominion and control, regardless of whether or not it is in his physical possession. State v. Edwards, 354 So.2d 1322 (La.1978). However, in order to convict a person on the basis of constructive possession, something more than mere presence in the area where the drug is found or mere association with the person in actual custody of the drug must be shown. See State v. Cann, 319 So.2d 396 (La.1975). Guilty knowledge is an essential element of the crime of possession. State v. Edwards. Guilty knowledge and intent, though questions of fact, need not be proven as fact, but may be inferred from the circumstances. La.R.S. 15:445. La.R.S. 15:446 provides: "When knowledge or intent forms an essential part of the inquiry, testimony may be offered of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent...."
Marijuana, a controlled dangerous substance, is contraband for purposes of La. R.S. 14:402. See La.R.S. 40:964(C)(22); La. R.S. 14:402(A). The evidence is uncontroverted that the marijuana was found in a box assigned to defendant for his personal belongings and was hidden in a Bible which he admittedly owned. The issue then is whether defendant had knowledge of the existence of the contraband.
Defendant testified at trial that he was surprised by the discovery of the drug in his possession. He produced other witnesses who testified that he did not have a reputation as a drug user and that any one of the fifty or so inmates in the dormitory had access to the box. The State's witnesses, on direct examination and rebuttal, testified that the boxes in the dormitory were generally kept locked. Further, Officer Duncan testified that, upon discovery of the marijuana, defendant stated, "Oh, man, come on, chief, you can throw that away. You don't have to turn that in." Defendant did not object to the admission of this statement, nor deny that he made it.
There is no direct evidence of record to show that the defendant had knowledge of the presence of the marijuana. Thus, this case must be decided on the basis of the sufficiency of the circumstantial evidence. In Captville, 448 So.2d at 680 appears the following:
Further, the jurors obviously (and reasonably) concluded that defendant's version of the events immediately preceding the fatal shot was a fabrication designed to deflect blame from him. His testimony that he did not move the gun and his testimony that he heard two noises (the *41 second being a gunshot) in rapid sequence were discredited by other evidence. Under these circumstances, the jurors' conclusion that defendant was not testifying truthfully could reasonably support an inference that the "truth"if told by him as the only survivor of the two people in the apartmentwould have been unfavorable to his "accidental discharge" defense.4
When a case involves circumstantial evidence, and the jury reasonably rejects the hypothesis of innocence presented by the defendant's own testimony, that hypothesis falls, and the defendant is guilty unless there is another hypothesis which raises a reasonable doubt. An evaluation of the reasonableness of other hypotheses of innocence provides a helpful methodology for determining the existence of a reasonable doubt. As we have recognized in such cases as State v. Wright, 445 So.2d 1198 (La.1984), State v. Graham, 422 So.2d 123 (La.1982), and State v. Sutton, 436 So.2d 471 (La.1983), the court does not determine whether another possible hypothesis has been suggested by defendant which could explain the events in an exculpatory fashion. Rather, the reviewing court evaluates the evidence in the light most favorable to the prosecution and determines whether the alternative hypothesis is sufficiently reasonable that a rational juror could not "have found proof of guilt beyond a reasonable doubt". Jackson v. Virginia, above.
4 Such a finding of purposeful misrepresentation reasonably raises the inference of a "guilty mind", just as in the case of "flight" following an offense or the case of a material misrepresentation of facts by a defendant following an offense. See State v. Davenport, 445 So.2d 1190 (La.1984). "Lying" has been recognized as Indicative of an awareness of wrongdoing. See State v. Rault, 445 So.2d 1203 (La. 1984), in which this court, in rejecting as unreasonable an asserted "hypothesis of innocence" (based on defendant's own statement), stated:
"The jury could have reasonably concluded that Rault concocted this version of the crime to hide his own guilt". 445 So.2d at 1213.
Any contrary implications in State v. Savoy, 418 So.2d 547 (La.1982), and State v. Shapiro, 431 So.2d 372 (La.1983), simply means that such evidence, although admissible to support a "guilty mind", are not alone sufficient to convict.
[Bolding added.]
See also State v. Hamilton, 478 So.2d 123, 126 n. 6 (La.1985); State v. Ester, 458 So.2d 1357 (La.App. 2nd Cir.1984), writ denied, 464 So.2d 313 (La.1985).
The defendant testified and denied knowledge of the presence of the marijuana in his Bible located in his footlocker. The jury viewed the defendant's appearance and demeanor when he testified. Their verdict indicates they found the defendant's testimony was not credible and, therefore, they gave it no weight and rejected it. This is a finding of fact over which this court has no jurisdiction. La. Const. of 1974, art. V, § 10(B); Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); State v. Trosclair, 443 So.2d 1098 (La.1983); State v. Richardson, 425 So.2d 1228 (La.1983); State v. Marshall, 479 So.2d 598 (La.App. 1st Cir.1985); State v. Jacobs, 435 So.2d 1014 (La.App. 1st Cir.1983). The jurors could have reasonably inferred that the failure of the defendant to tell the truth supported the inference that the truth was unfavorable to him and also showed an awareness of wrongdoing. Further, as indicated in Captville, when the jury rejects the defendant's hypothesis of innocence presented by his testimony, the defendant is guilty unless there is another reasonable hypothesis which raises a reasonable doubt. It can reasonably be inferred from the fact of the presence of the marijuana in the defendant's Bible located in the defendant's footlocker and from the fact that he testified untruthfully that he had knowledge of the presence of the marijuana. Once it is factually established that the defendant was untruthful when he denied knowledge of the presence of the marijuana, the only remaining reasonable hypothesis is that he had knowledge of its presence. He either knew or he did not; there is no other hypothesis. The foregoing circumstances and the inferences reasonably drawn therefrom provide sufficient evidence to establish *42 the elements of the offense beyond a reasonable doubt.
This assignment of error is without merit.

DECREE
For the foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Counsel for the defendant abandoned assignment of error # 1 at oral argument.