612 So.2d 837 (1992)
STATE of Louisiana
v.
Jeffrey NELSON.
No. KW 92 0361.
Court of Appeal of Louisiana, First Circuit.
December 23, 1992.
Rehearing Denied January 28, 1993.
Writ Denied April 23, 1993.
Doug Moreau, Dist. Atty. by Monisa Thompson, Asst. Dist. Atty., Baton Rouge, for plaintiff/appellee.
John Pace, Darrell Cvitanovich, Baton Rouge, for defendant/appellant.
*838 Before CARTER and LeBLANC, JJ., and CHIASSON, J. Pro Tem.[*]
REMY CHIASSON, Judge Pro Tem.
Jeffrey Nelson was arrested on April 21, 1990, for driving while intoxicated and hit and run, driving, violations of La.R.S. 14:98 and 14:100. The defendant pled not guilty, and after a bench trial, was convicted of driving while intoxicated. This writ application followed.

FACTS
Around midnight on April 21, 1990, an accident occurred in Baton Rouge involving two trucks. Stephen Halpen, the driver of one truck, testified that his vehicle was hit by another truck, causing his vehicle to become immobilized. The driver of the other truck did not stop, but continued to drive away from the accident.
Ronnie Terito witnessed the accident. He was driving his car in the opposite direction. He stopped to check on Mr. Halpen and then decided to follow the other truck. He drove about one and three-quarters miles before he saw the missing truck. It was parked at May's AG Grocery Store. M. Terito admitted that for five minutes he was not able to keep the vehicle in sight.
Mr. Terito identified the defendant as the person who exited the driver's side of the truck. Terito also testified that he saw seven other occupants of the truck cleaning the vehicle and checking the underside. Terito told the defendant that he was going to call the police.
The police appeared approximately thirty minutes later. Both Terito and Trooper Terry Mayeaux testified that the defendant appeared intoxicated. Trooper Mayeaux read the defendant his Miranda rights and conducted a field sobriety test. After the defendant refused to take a chemical test, Trooper Mayeaux decided that Nelson was impaired and arrested him for driving while intoxicated and hit and run. At trial, the defendant stipulated that he did poorly on the field tests.
After the state presented its case in chief, the defendant moved for a directed verdict. He argued that the State did not prove that he had driven the truck while intoxicated. The defendant chose to rest on the weaknesses of the state's case rather than present his own witnesses.

SUFFICIENCY OF THE EVIDENCE
The defendant argues that the State must prove that he was the driver of the vehicle involved in the accident and that he was intoxicated. He further argues that the instant case rested on purely circumstantial evidence which failed to exclude every reasonable hypothesis of innocence.
The state did not present any direct evidence. It had the names of the other occupants of the truck but failed to call these witnesses to testify. It relied solely on the testimony of Terito and Trooper Mayeaux who could not identify the defendant as the driver of the truck.
A plea of not guilty places upon the state the burden of proving beyond a reasonable doubt each element of the crime charged. La.R.S. 15:271. State v. DeShazo, 504 So.2d 963 (La.App. 1st Cir.1987). In State v. Mathews, 375 So.2d 1165 (La. 1979), a majority of the Louisiana Supreme Court determined that the United States Supreme Court case of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), required that the standard of review when considering the sufficiency of evidence to support a criminal conviction is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This standard of appellate review of facts in criminal cases has been made statutory. La.C.Cr.P. art. 821; State v. Captville, 448 So.2d 676 (La.1984); State v. Korman, 439 So.2d 1099 (La.App. 1st Cir. 1983).
The Jackson standard of Article 821 is an objective standard for testing the overall *839 evidence, direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, La.R.S. 15:438 provides that the finder of fact must be satisfied that the overall evidence "exclude[s] every reasonable hypothesis of innocence." La. R.S. 15:438 does not establish a stricter standard of review than the Jackson standard but provides a methodology for its implementation in cases which hinge on the evaluation of circumstantial evidence. State v. Guirlando, 491 So.2d 38 (La.App. 1st Cir.1986).
The defendant was one of eight occupants of the truck. He was seen exiting from the driver's side of the vehicle after it was parked several minutes. Sufficient time had elapsed so that most of the occupants of the truck had exited and were in the process of cleaning the vehicle. The defendant was never identified by any witnesses as the driver of the truck.
Several reasonable explanations of innocence exist. The truck could have been driven by another and the defendant remained in the truck; or the defendant could have gotten out of the truck and later returned to it; or the defendant could have been sitting in the middle and exited from the driver's side because of other persons in the vehicle. Thus, even viewing all of the evidence in this case in the light most favorable to the State, we find that no rational trier of fact could have concluded beyond a reasonable doubt that the defendant operated the vehicle while intoxicated.[1]

DECREE
For the foregoing reasons, the conviction and sentence are reversed, and the defendant is ordered discharged.
REVERSED; DEFENDANT DISCHARGED.
NOTES
[*] Judge Remy Chiasson, Retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[1] Similar decisions have been reached in State v. Reed, 541 So.2d 905 (La.App. 3rd Cir.1988); State v. Willson, 534 So.2d 55 (La.App. 3d Cir. 1988); State v. Trahan, 534 So.2d 73 (La.App. 3d Cir.1988); State v. Phinney, 460 So.2d 1188 (La. App. 2d Cir.1984); and City of Bastrop v. Paxton, 457 So.2d 168 (La.App. 2d Cir.1984).