667 So.2d 1209 (1996)
STATE of Louisiana, Appellee,
v.
Bruce A. FAMOUS, Appellant.
No. 27,593-KA.
Court of Appeal of Louisiana, Second Circuit.
January 24, 1996.
*1210 Wm. Rick Warren, Indigent Defender Board, for Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, Whitley Graves, Assistant District Attorney, for Appellee.
Before NORRIS, HIGHTOWER, and BROWN, JJ.
BROWN, Judge.
Defendant Bruce Famous was convicted of one count of possession of more than 28 grams of cocaine, a violation of LSA-R.S. 40:967(F)(1)(a). Famous was sentenced to 8 years imprisonment at hard labor to be served consecutively to any other sentence, and fined the mandatory minimum of $50,000. Five years of the sentence were imposed without benefit of probation, parole, or suspension of sentence pursuant to LSA-R.S. 40:967(G). Famous now appeals his conviction and sentence. Finding no merit in this appeal, we affirm.

FACTS
On February 13, 1992, Louisiana State Trooper Don Campbell was patrolling I-20 near Minden when he spotted a white 1992 Ford Tempo speeding through a construction zone. The trooper stopped the Tempo (a rental car) and requested the driver's license and registration. The driver, Bruce Famous, appeared extremely nervous and the trooper asked permission to search the car. Famous consented and Trooper Campbell found 191 individually bagged rocks of crack cocaine.
*1211 Famous was charged with possession of cocaine with intent to distribute and with possession of more than 28 grams of cocaine. In December 1992, Famous was tried only on the latter count and convicted.
In December, 1993, Famous requested and obtained an out-of-time appeal. On appeal, he challenges the sufficiency of the evidence and the length of his sentence.

DISCUSSION
In his brief, Famous argues that the state failed to prove that the cocaine seized from his trunk weighed more than 28 grams.
Trooper Campbell first took the seized drugs to state police headquarters where they were weighed by Trooper George Shirley. Trooper Shirley testified that, when he weighed the drugs, each of the 191 rocks was in a small blue plastic bag. In turn, these 191 bags were in 3 larger plastic bags. Trooper Shirley stated that the bags and the drugs weighed between 50 and 55 grams. The troopers made no effort to weigh the drugs separately from the packaging and did not know the accuracy of their scale.
Trooper Shirley delivered the drugs to the North Louisiana Crime Lab where they were examined by James Goebel, a forensic chemist. Goebel testified that he removed the items from the 3 large plastic bags and weighed the individual packages of cocaine. The total weight of the cocaine and their individual plastic bags was 45.41 grams.
At trial and on appeal, Famous questioned the accuracy of Goebel's testimony about the weight of the individual plastic bags. This bears directly upon whether the state presented sufficient evidence to support the jury's finding that Famous possessed more than 28 grams of cocaine. The following are edited excerpts from Goebel's testimony.
Q (Defense counsel): Okay, now how much does each one of the bags weigh?
A: Each one? That would be a good question since I didn't weigh each one. They probably average about .05 grams. And, again, that's, I mean they're not made to a specific weight, so that's
Q: Okay. And for each one of the items that you weighed, you weighed them in the smaller bag?
A: Yes.
Q: [D]id you subtract the weight of the bag from the weight of the item?
A: That's correct.
. . . . .
Q: Now earlier you stated that you estimated the weight of the bags at .05. Did you actually weigh the bags individually?
A: I did not weigh each individual bag, no.
. . . . .
Q (Assistant District Attorney): ... Now then you testified earlier that you weighed each of these individual packets [a total of 191] ... and came out with a total of 45.41 [grams].
A: Correct.
Q: ... If you multiply 191 ... times your .05 average
A: Approximately 9 and ½ [grams].
Q: Okay, subtracting that from the total weight of the packages and the cocaine, which you say earlier is 45.41, what would be your
A: Between 35 and 36 grams.
Q: ... And that would just be of the cocaine? ... No packages or anything else involved?
A: Correct.
There was no other relevant testimony about the weight of the drugs or the packaging.
Defendant questions whether this testimony establishes beyond a reasonable doubt that Famous possessed more than 28 grams of cocaine. This is not a frivolous issue as only a small error in the chemist's estimate could lead to a different result:

Average Bag Wt. Weight of 191 bags Corresponding Drug Weight
 [45.41g-Total with Bags]
 0.05g 9.55g 35.86g
 0.09g 17.19g 28.22g

*1212 Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Bellamy, 599 So.2d 326 (La. App. 2d Cir.1992), writ denied, 605 So.2d 1089 (La.1992).
The remainder of Goebel's testimony supports the credibility of his determination. Significantly, he testified that the scales at the crime lab were accurate to 1/100 of a gram and were regularly calibrated. The witness and his equipment are not only capable of but in fact regularly perform measurements involving accuracy beyond that needed to make the determination called for. Further, the witness' testimony plainly establishes his familiarity with precision testing of substances in a criminal investigation. This familiarity extends to the common types of packaging used in the illegal drug trade. Absent evidence to the contrary, the jury was entitled to rely on the witness' use of an estimated average for the bag weight and conclude that Famous possessed the requisite amount of cocaine.
Defense counsel made the following statement after the imposition of sentence:
[A]t this time we would like to object to the severity of the sentence.
Thus, Famous preserved his right to have his sentence reviewed for constitutional excessiveness. See, e.g., State v. Mims, 619 So.2d 1059 (La.1993).[1]
When Famous committed the crime in 1992, the penalty for violation of LSA-R.S. 40:967(F)(1)(a) was imprisonment at hard labor for not less than 5 years and not more than 30 years and a fine of not less than $50,000 and not more than $150,000. Further, LSA-R.S. 40:967(G) provides that the sentence shall not be suspended, deferred, or withheld, nor shall such person be eligible for probation or parole prior to serving the minimum sentence.
The trial court noted that Famous was not employed and had a history of failing to cooperate with prison officials. Further, the trial court found that Famous "had no respect for the Court, nor this system" and was "cocky, ... arrogant, [and] disrespectful." The trial court was also impressed unfavorably by the quantity of rocks of crack cocaine in defendant's possession and with defendant's December 1992 conviction for possession of marijuana.
Possession of 191 separately packaged rocks of crack cocaine suggests strongly that the drugs are to be further transported and sold to others. Defendant's attitude certainly bears upon his likelihood for rehabilitation. Famous' conviction for possession of marijuana occurred after the instant conviction and was a proper consideration.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Thompson, 25,583 (La.App. 2d Cir. 1/19/94), 631 So.2d 555; State v. Madison, 535 So.2d 1024 (La.App. 2d Cir.1988); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir. 1988), writ denied, 521 So.2d 1143 (La.1988). Clearly Famous' sentence is not grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980); State v. Hogan, 480 So.2d 288 (La.1985); State v. Thompson, supra. This court has no reason to reverse the trial court's decision to impose a sentence three years more than the mandatory minimum and twenty-two years below the maximum. See State v. Guidry, *1213 94-607 (La.App. 3d Cir. 12/07/94), 647 So.2d 511; State v. Tate, 25,765 (La.App.2d Cir. 02/23/94), 632 So.2d 1213.
The factors cited by the court were also its reasons for the consecutive nature of this sentence. See LSA-C.Cr.P. Art. 883; La. S.G. Sec. 215. At the time of sentencing, however, Famous had no other Louisiana convictions and according to the PSI was not sentenced to incarceration for his marijuana conviction in Arkansas. Therefore, the court's indication that this sentence should run consecutively with any other appears to be surplusage.
LSA-C.Cr.P. Art. 930.8 provides that, at the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post-conviction relief. The record in this case indicates that the trial court incorrectly informed the defendant that the three-year prescriptive period begins to run on the date of sentencing, rather than when the judgment is final under LSA-C.Cr.P. Art. 914 or 922. The district court is instructed to send appropriate written notice to defendant within 10 days of the rendition of this opinion and to file proof of defendant's receipt of such notice in the record of these proceedings. State v. Smith, 600 So.2d 745 (La.App. 2d Cir.1992).

CONCLUSION
Defendant's conviction and sentence are affirmed.
AFFIRMED.
HIGHTOWER, J., concurs, observing that the record reflects aggravating factors that justify the imposed sentence, even if evaluated under the Guidelines.
NOTES
[1] The 8-year term imposed by the trial court was greater than that recommended by the Felony Sentencing Guidelines which were in effect at the time of this sentencing. The trial court, however, must only consider the FSG and has complete discretion to reject them. State v. Smith, 93-0402 (La. 07/05/94), 639 So.2d 237 (on rehearing). The trial court considered, rejected and stated its reasons and factual basis for the term imposed. Thus, our review is limited to constitutional excessiveness. State v. Smith, supra.