hWILLIAMS, Judge.
The defendant, Aquanette Wade, was charged by bill of information with one count of purse snatching, a violation of LSA-R.S. 14:65.1. A jury found the defendant guilty as charged. The trial court sentenced defendant to serve three years imprisonment at hard labor and denied her timely motion for reconsideration of sentence. The defendant appeals her conviction and sentence. For the following reasons, we affirm.
FACTS
On the afternoon of March 19, 1994, Laso-nia Denise Haley, who was eight months pregnant, went grocery shopping at a Super One Food store in Shreveport. She finished her shopping and walked out to the parking lot. Ms. Haley put her purse over her shoulder and was about to place her groceries in her car when the defendant and Tawanna Davis approached her from behind. Ms. Haley knew the defendant because they were both in a relationship with the same man, who had fathered a child with each of them. The women had been involved in several unpleasant, but apparently nonphysical, encounters in the past.
According to Haley, the defendant cursed at and threatened her, then threw a punch and they began fighting. The defendant pushed a grocery cart into Haley’s stomach and she felt her water break from the impact. Ms. Haley testified that she fell to the ground and was kicked by the defendant, who took Haley’s purse from her arm and walked away. Tawanna Davis then allegedly approached and struck Haley, snatched a necklace from her neck and left with the defendant.
Following the incident, Ms. Haley called the police. After waiting a few minutes for the police, she drove to her sister’s house on Tulsa Street and collapsed. Shreveport Police Sergeant L.D. Thomas responded and spoke with Haley, who identified defendant as the person who had attacked her and taken her purse. Paramedics took Ms. Haley to LSU Medical Center, where she gave birth |2to a son that evening. Haley later described the stolen property as a brown saddlebag-style purse for which she had paid $210. The purse contained her checkbook, a Barksdale Air Force Base identification card, necklaces and rings, and a wallet. She estimated that the jewelry was worth approximately $500.
Shreveport Police Detective Robert Ram-bin investigated the purse snatching and took a statement from the defendant, who told him that she had approached Haley, pointed a finger in her face and threatened to beat up Haley after her child was born. Haley then slapped defendant’s hand and the two began fighting. The defendant admitted hitting Haley three times, but denied taking anything from the victim and stated that Haley deserved to be beaten because her brothers had previously gone to the defendant’s house and threatened her with guns. Detective Rambin placed the defendant under arrest for robbery.
At trial, Christopher Woods, an employee at the supermarket on the day of the attack, testified that while working in the parking lot he heard noise, turned around and saw two women fighting. Woods stated that one woman, who had begun placing groceries in her car, was struck several times in the head and face by the other woman. He said that a third woman also became involved and hit the victim, who was simply defending herself from the assailants. Woods heard the victim scream that her purse had been taken. He noticed that one Of the two women who had attacked the victim was carrying a purse as she walked away from the scene. Woods *197 characterized the incident as an rather than a fight. attack’
Dr. Greg Horn testified that Ms. Haley arrived at the LSU Medical Center emergency room at approximately 2:00 p.m. on March 19, 1994. She had a contusion over her left eye and after an examination was moved to the maternity unit. Dr. Horn opined that blood found in the amniotic fluid surrounding the baby was atypical and could have been caused by blunt trauma to the mother’s abdomen, such as a kick or punch. However, he acknowledged that there could | .-¡have been other causes for the blood.
Tawanna Davis, who was also charged in the incident, was called as a witness for the state. Davis testified that the defendant hit Haley in the face several times. Davis stated that she did not actually see the defendant take Ms. Haley’s purse. However, Davis observed defendant with a purse when they returned to the car following the attack. Davis testified that she had no doubt that the purse belonged to Haley because the defendant bragged about beating up the victim and taking her purse.
The defendant testified on her own behalf and said that she and Haley had been seeing the same man, and had argued several times in the past. Defendant stated that on the day of her alleged crime, she saw Haley at the supermarket and that Haley called her a “bitch.” The defendant testified that she confronted Haley in the parking lot and told her that they would fight after Haley gave birth. According to the defendant, Haley then “hit [her] hand” and the two of them began fighting. Defendant testified that she hit Haley in the head about three times during the course of the fight and walked away. The defendant denied that she had taken Haley’s purse or had kicked her in the stomach.
The jury found the defendant guilty of purse snatching. The trial court sentenced the defendant to serve three years at hard labor. The defendant’s motion for reconsideration of her sentence was denied. Defendant appeals.
DISCUSSION

Sufficiency of the Evidence

The defendant contends the evidence produced at trial was insufficient to convict her of purse snatching. The relevant inquiry when reviewing a conviction for the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Famous, 27,593 (La.App.2d Cir. 1/24/96), 667 So.2d 1209. A determination of the weight of evidence is a question of fact which rests solely with the trier of fact who may accept or reject, in whole or in part, the testimony of any witness. State v. Silman, 95-0154 (La. 11/27/95), 663 So.2d 27.
If a court reviewing a criminal conviction finds the evidence insufficient to support a guilty verdict, the constitutional protection against double jeopardy bars retrial of the defendant. Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981); see U.S. Const.Amend. V, XIV. All other issues in the case become moot. State v. George, 95-0110 (La. 10/16/95), 661 So.2d 975; State v. Hearold, 603 So.2d 731 (La.1992). Thus, when the assignments of error include both a challenge to the sufficiency of the evidence and other errors, the reviewing court must consider the sufficiency of the evidence assignment first. State v. George, supra.
La.R.S. 14:65.1 provides, in pertinent part:
Purse snatching is the theft of anything of value contained within a purse or wallet at the time of the theft, from the person of another or which is in the immediate control of another, by use of force, intimidation, or by snatching, but not armed with a dangerous weapon.
In the present case, the victim, Laso-nia Haley, testified that the defendant shoved a shopping cart into her stomach, punched her in the face and took her purse. Tawanna Davis’ testimony supported that of the victim in regard to the defendant’s actions. Christopher Woods, a supermarket employee, could not identify any of the indi *198 viduals in court as those he had seen in the parking lot. However, he testified that a woman was attacked in the parking lot, she screamed that someone was taking her purse and one of her attackers walked away with a purse. Their testimony is sufficient to support a finding by the jury that the defendant had taken Ms. Haley’s purse. The defendant argued at trial that RTawanna Davis’ testimony was influenced by the fact that charges were pending against her. However, Davis testified that the state had not promised her anything in return for testifying. The jury evidently accepted Davis’ account of defendant’s actions and this evaluation does not appear irrational, especially in light of the fact that her testimony substantially comports with that of Woods, a neutral witness.
The evidence also supports the conclusion that the defendant’s acts constituted a theft of something of value. Haley testified that her purse contained several valuable items, including a checkbook and jewelry. In addition, Davis stated that she saw jewelry in the purse when it was opened by defendant.
Finally, the evidence supports the conclusion that this theft was committed by force. The victim and each eyewitness testified that defendant physically struck Haley. Their testimony was corroborated by Sergeant Thomas, who observed bruises above Haley’s eye and on her back, and by Dr. Horn of LSU Medical Center, who opined that blood in Haley’s amniotic fluid could have been caused by blunt trauma.
The victim’s testimony concerning the physical attack and theft was substantially corroborated by other eyewitnesses. Only the defendant testified that she had not taken the purse. The jury heard conflicting testimony and chose to accept the version of events described by the state’s witnesses and to reject the defendant’s testimony. This credibility determination was rational. Viewing the evidence in the light most favorable to the state, the jury could reasonably conclude that defendant committed the offense charged. Thus, the record supports defendant’s conviction for purse snatching. This assignment of error lacks merit.

Excessive Sentence

The defendant contends the trial court erred in imposing an excessive sentence. She argues the trial court failed to adequately consider several mitigating circumstances present.
¡ &A sentence violates La. Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the severity of the crime or if it does not make a measurable contribution to acceptable goals of punishment and is nothing more than the purposeless imposition of pain and suffering. State v. Brown, 94-1290 (La. 1/17/95), 648 So.2d 872. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Thompson, 25,583 (La.App.2d Cir. 1/19/94) 631 So.2d 555. Even a sentence within the statutory limit may constitute unconstitutionally excessive punishment. State v. Marshall, 94-0461 (La. 9/5/95), 660 So.2d 819. A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court does not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Thompson, supra. Purse snatching carries a penalty of imprisonment, with or without hard labor, for not less than two years and not more than twenty years. LSA-R.S. 14:65.1(B).
Prior to imposing sentence in the present case, the trial judge reviewed a pre-sentence investigation report. The trial court considered defendant’s background and family history and was aware of mitigating circumstances, including the fact that defendant did not have a juvenile record and that she was a high school graduate. However, the trial judge also noted that defendant’s conduct involved the use of violence against the person of another and that defendant had previously been convicted of resisting an officer and simple battery of an officer. The trial court found that these convictions indicated a “prior history of violence.” The defendant argues that these misdemeanor convictions do not indicate a sufficient history of violence to justify the present sentence. However, it is apparent that the sentence was based largely on the testimony adduced *199 at trial and the prior convictions were simply additional factors in the sentencing ^consideration. Trial judges may consider a defendant’s prior misdemeanor convictions in selecting a proper sentence. See State v. Batiste, 594 So.2d 1 (La.App. 1st Cir.1991).
Defendant states in brief that she did not use a weapon in the commission of the offense. However, the jury and the trial judge apparently accepted the assertion that defendant shoved a grocery cart into the pregnant victim’s stomach. Defendant also contends that she did not cause the victim any permanent injury. While the record does not contain evidence that the victim or her child were permanently injured, the jury could have found that defendant’s attack caused the victim to enter into labor and deliver her child prematurely.
After weighing these factors, the trial court imposed a sentence that exceeds by only a single year the minimum sentence mandated by statute, and represents slightly more than one seventh of the statutory maximum period of confinement possible for the offense of conviction. The trial judge stated for the record his reasons for the imposition of this sentence. The sentence imposed is neither grossly out of proportion to the seriousness of the offense nor does it shock the sense of justice. We cannot say that the sentence is constitutionally excessive. Therefore, we conclude that the trial court did not abuse its discretion in sentencing this defendant. The assignments of error lack merit.

Error Patent Review

The defendant urges this court to review the entire transcript of the proceedings to discover any additional trial court error. She does not further explain this assignment in brief. This assignment of error should be deemed abandoned since a mere restatement of an assigned error in brief without argument or citation of authority does not constitute briefing. URCA 2-12.4; State v. Hatta-ivay, 28,060 (La.App.2d Cir. 5/8/96), 674 So.2d 380.
Moreover, this court may not comb the record in search of error on a ^defendant’s behalf. The scope of this court’s review extends only to error assigned by defendant and to such error which is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence. LSA-C.Cr.P. Art. 920. To the extent this assignment requests review for error discoverable by mere inspection of the pleadings, it is unnecessary since this court reviews the record for error patent in every criminal ease. State v. Shaw, 27,892 (La.App.2d Cir. 4/3/96), 672 So.2d 237.
For the purpose of patent error review, the “record” in a criminal case includes the caption, the time and place of the holding of court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or bill of information, the mentioning of the impaneling of the jury, the verdict and the judgment or sentence. State v. Oliveaux, 812 So.2d 337 (La.1975); State v. Jones, 588 So.2d 805 (La.App.2d Cir.1991).
Pursuant to Art. 920(2), we have examined the record for error patent and found none. The defendant’s conviction and sentence are affirmed.
AFFIRMED.