JiWILLIAMS, Judge.
The defendant, Morris Willis, was charged by bill of information with operating a vehicle while intoxicated, fourth offense, a violation of LSA-R.S. 14:98(A) and (E). Following a jury trial, the defendant was convicted as charged.. The trial court sentenced the defendant to serve twelve and one-half years imprisonment at hard labor, one year of which was imposed without benefit of parole, probation or suspension of sentence. Defendant appeals his conviction. For the following reasons, we affirm.
FACTS
Shortly after midnight on November 11, 1995, in Shreveport, Louisiana, Gary Holtz was in his bedroom when he heard a loud crash outside his window. He looked outside and saw that his family’s cargo trailer, parked on the street in front of the house, had been hit by a pickup truck. Mr. Holtz watched as the .truck, which belonged to the defendant, backed away from the trailer, drove forward to a stop sign, and then pulled into the carport of the defendant’s home. Mr. Holtz could not see who was driving the truck, but he saw the defendant’s dog in the cargo bed. Mr. Holtz saw the truck’s lights go off, but did not see anyone get out of the vehicle.
Gary Holtz told his mother, Nancy Holtz, that their trailer had been hit, and they went outside to look at the. damage. While outside, they neither saw nor heard the defendant get out of his truck. Ms. Holtz called out to the defendant from her driveway but did not receive a response. Ms. Holtz next telephoned the defendant’s residence, but no one answered, and she then called the police.
Virginia Rogers, a neighbor who lived three houses from the defendant, heard the accident and went outside. She observed the defendant’s truck back away from the trailer, drive past her and pull into the defendant’s carport. The |2witnesses were unable to see inside the moving truck to identify the driver.
Ms. Rogers stood and watched the defendant’s truck for “a pretty good while” after it had been parked in the driveway, but never saw anyone get out of the vehicle. At some point, she returned to her home but later went back outside when she became aware that the police officer had arrived.
Gary Holtz remained outside for 15 to 20 minutes, waiting for the police to arrive. During that time, he did not see or hear anyone get into or out of the defendant’s truck. He testified that he would have been able to hear a door opening or closing even during the times when he was not directly observing the defendant’s truck. Ms. Holtz waited outside with her son most of the time and also neither saw nor heard anyone get into or out of the truck. She also testified that she would have heard if the defendant had closed a car or house door. ' None of the witnesses saw a dome light come on in the defendant’s truck to.indicate that someone had opened the door.
Shreveport Police Officer Chris Harlow was dispatched to the scene of the accident. Gary Holtz and Ms. Rogers showed Officer Harlow where the truck was parked. The officer went to the defendant’s house and rang the doorbell, but no one answered the door. Using his flashlight to illuminate the defendant’s dark carport, the officer observed damage to the front end of the truck and noticed that the vehicle’s engine was-warm. He then looked into the truck and saw the defendant, sitting on the driver’s side, slouched over in the seat. The officer tapped on the truck’s window, but the defendant did not respond. Officer Harlow then opened the driver’s door and observed that defendant appeared intoxicated., According to the officer, the defendant’s eyes were bloodshot, his speech was slurred, there was *592 a strong odor of alcohol on his breath and he was unsteady on 13his feet. The officer handcuffed defendant and placed him under arrest for driving under the influence of alcohol. Officer Harlow did not administer a field sobriety test to the defendant and no scientific tests were conducted to determine his blood alcohol content.
Defendant was charged with operating a vehicle while intoxicated, fourth offense. After a jury trial, he was found guilty as charged. The trial court sentenced the defendant to serve twelve and one-half years imprisonment at hard labor, one year of which was imposed without benefit of parole, probation or suspension of sentence. Defendant appeals his conviction.
DISCUSSION
The defendant contends that the circumstantial evidence produced at trial was insufficient to support his conviction. He argues that the state failed to exclude the possibility that someone other than himself was driving the truck on the night of the accident. The crime of operating a vehicle while intoxicated is defined as the operation of any motor vehicle, aircraft or vessel when the operator is under the influence of alcoholic beverages. LSA-R.S. 14:98.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), this court must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime proved beyond a reasonable doubt. State v. Famous, 27,593 (La.App.2d Cir. 1/24/96), 667 So.2d 1209.
This court’s authority to review questions of fact in a criminal case is limited to the sufficiency of the evidence evaluation under Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. La. Const., art. 5, § 5(C); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). |4A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Rogers, 494 So.2d 1251 (La.App. 2d Cir.1986), writ denied, 499 So.2d 83 (1987).
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. State v. Meyers, 620 So.2d 1160 (La.1993). When circumstantial evidence is used, LSA-R.S. 15:438 mandates that in order to convict, “assuming every fact to be proved that the evidence tends to prove, it must exclude every reasonable hypothesis of innocence.” Facts established by the direct evidence and inferred from the circumstantial evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Lott, 535 So.2d 963 (La.App. 2d Cir.1988).
Here, as noted previously, the witnesses did not actually see the defendant driving his truck. Thus, the evidence that the defendant himself was operating the vehicle is circumstantial.
Where circumstantial evidence has been found insufficient for a conviction of driving while intoxicated, sight of the car was lost for a significant period of time, or individuals other than the accused were seen in or around the vehicle. See State v. Nelson, 612 So.2d 837 (La.App. 2d Cir.1992), writ denied, 616 So.2d 700 (La.1993). However, those factual situations can be distinguished from the facts of the present case. Gary Holtz testified that he was in a position to observe the defendant’s truck from the time of the accident until the police officer arrived and that he did not see anyone getting out of, or into the truck. The other two witnesses who observed the truck for discrete periods during this time also stated that they did not see anyone get out of the truck. Unlike Nelson, supra, none of the |5witnesses in this case saw other individuals in or around the truck. Officer Harlow testified that after he took the defendant from the truck, the keys were still in the ignition.
The foregoing trial testimony did not indicate the presence of any other individual in or near the defendant’s truck. The record shows that defendant was the sole occupant of the vehicle and was sitting behind the steering wheel. Viewing the evidence in the light most favorable to the prosecution, we *593 conclude that the jury could have rationally rejected the defendant’s hypothesis that someone other than himself was driving the truck on the night of the accident. Therefore, the evidence was sufficient to convince a rational trier of fact that each element of the crime was proven beyond a reasonable doubt. The assignment of error lacks merit.
We have examined the record for error patent and found none.
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.