767 So.2d 901 (2000)
STATE of Louisiana
v.
Arthur R. TRIBBIT.
No. 00-KA-153.
Court of Appeal of Louisiana, Fifth Circuit.
August 29, 2000.
*902 Carey J. Ellis, III, Rayville, Louisiana, Louisiana Appellate Project, Attorney for Appellant Arthur R. Tribbit.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Spiro Latsis, Assistant District Attorneys, Gretna, Louisiana, Attorneys for Appellee State of Louisiana.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY and SUSAN M. CHEHARDY.
CANNELLA, Judge.
Defendant, Arthur Tribbit, appeals his sentence of ten years imprisonment at hard labor for purse snatching, a violation of La. R.S. 14:65.1. We affirm.
Defendant was charged with the offense by bill of information on March 24, 1997. Following his arraignment, recusal of the original trial judge, and a competency hearing, he was tried on August 15, 1997. Prior to trial, he waived his right to a jury trial. Defendant was found guilty as charged. On September, 9, 1997, Defendant was sentenced to ten years imprisonment at hard labor.
On March 27, 1998 Defendant filed a motion for post-conviction relief which was denied on August 17, 1998. Writs to this Court were denied on August 27, 1998.[1] On October 6, 1998, Defendant filed another application for post-conviction relief, which was denied in the trial court. This Court denied writs on November 5, 1998, ruling that "on the presentation, the application discloses no error in the trial court's ruling of October 6, 1998, on relator's application for post conviction relief."[2] The Louisiana Supreme Court reversed this Court's decision on March 26, 1999, ordering the district court to "appoint counsel for purposes of holding a hearing at which it will determine whether relator is entitled to an out-of-time appeal under State v. Counterman, 475 So.2d 336, 340 (La.1985)." State ex rel. Arthur Tribbit v. State, 98-KH-2893 (La.3/26/99), 739 So.2d 783. The trial court held a hearing pursuant to the Supreme Court's ruling and, on July 1, 1999, Defendant was granted an out-of-time appeal.
On March 15, 1997, David Millet (Millet) and his girlfriend, Patricia Sanchez (Sanchez), drove to an E-Z Serve store on Barataria Boulevard, in Marrero, Louisiana to use the outside pay phone. While Millet was speaking on the phone, a man, later identified as the Defendant, approached him and took his wallet out of his back pants pocket. Millet turned around and the Defendant said, "Hey, man, did you lose your wallet?" Millet replied, "No, I didn't," at which point, the Defendant started to hand the wallet back to Millet. Millet responded, "No, I don't want it back. You got it. You going to hold on to it until I take further measures on it." *903 (R., pp. 89-90). The Defendant then began running down the street. Meanwhile, Sanchez, who had observed the events, went into the store and asked the clerk to call the police. Sanchez corroborated Millet's testimony and also made an in-court identification of the Defendant. She testified that she saw the Defendant take the wallet from Millet's back pants pocket.
Jefferson Parish Sheriffs Deputy Joseph Arnaud responded to the call. He met with and obtained a description of the perpetrator from Millet. Deputy Arnaud began searching and, further down the street, stopped the Defendant, who matched Millet's description. During a weapons search of the Defendant, Deputy Arnaud found Millet's wallet. Deputy Arnaud transported the Defendant back to the scene of the incident where both Millet and Sanchez identified him as the thief. The stolen wallet contained $122 in currency and a Visa credit card.
On appeal, the Defendant asserts that the trial judge imposed an excessive sentence and failed to comply with the sentencing guidelines in La.C.Cr.P. art. 894.1.
The Defendant failed to file a motion to reconsider sentence after he was sentenced by the trial judge. La.C.Cr.P. art. 881.1 provides that a defendant may file a motion to reconsider sentence within 30 days of sentencing, but requires that the motion be made orally at the time of sentencing, or in writing, and that it set forth the specific grounds on which the motion is based. The failure to file a motion to reconsider sentence, or to state the specific grounds on which the motion is based, precludes a defendant from raising those grounds on appeal. State v. Mims, 619 So.2d 1059 (La.1993); State v. Holmes, 94-907 (La.App. 5th Cir. 3/15/95), 653 So.2d 642, 646. In Mims, the Louisiana Supreme Court was silent as to whether the failure to comply with Article 881.1 precludes even a claim of constitutional excessiveness. However, in similar circumstances, this Court has considered the issue of whether the sentence was constitutionally excessive. State v. Stec, 99-633 (La.App. 5th Cir. 11/30/99), 749 So.2d 784, 789; State v. Richmond, 98-1015 (La. App. 5th Cir. 3/10/99), 734 So.2d 33, 38.
Both the United States and Louisiana constitutions prohibit the imposition of excessive or cruel punishment. U.S. Const.Amend. 8; La. Const. of 1974, Art. I, Sect. 20. Richmond, 734 So.2d at 38. A sentence is generally considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. Id.; State v. Lobato, 603 So.2d 739, 751 (La. 1992). A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. However, the sentence will not be set aside absent a showing of manifest abuse of the trial court's wide discretion to sentence within statutory limits. Richmond, 734 So.2d at 38. The trial judge is afforded wide discretion in determining a sentence and, if the record supports the sentence imposed, the court of appeal will not set aside a sentence for excessiveness. La. C.Cr.P. art. 881.4(D); Richmond, 734 So.2d at 38. Furthermore, a sentence may be reviewed for excessiveness even though it is within statutory range. Id.
At the time this offense was committed, the sentencing range for a conviction of purse snatching was not less than two years, nor more than 20 years, imprisonment at hard labor. Defendant's sentence of ten years imprisonment at hard labor is one-half of the maximum sentence. However, the trial judge failed to articulate the factual basis for the sentence.
La.C.Cr.P. art. 894.1(C) states: "The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence." However, "[i]f there is an adequate factual basis for the sentence contained in the record, the trial court's *904 failure to articulate every circumstance listed in Article 894.1 will not require a remand for re-sentencing." State v. Morris, 98-236 (La.App. 5th Cir. 9/16/98), 719 So.2d 1076, 1082.
In State v. Tumblin, 27,122 (La.App. 2nd Cir. 6/21/95), 658 So.2d 222, 224, the 2nd Circuit affirmed a sentence of seven years imprisonment at hard labor for purse snatching. The trial court considered the pre-sentence investigation report, the guidelines, and discussed at length the factors which supported the sentence. Although the Defendant was a first felony offender and pled guilty, his juvenile record, prior arrest for aggravated battery, and subsequent arrest for aggravated assault, demonstrated a proclivity for violent criminal behavior. Furthermore, the victim was 77 years old and the offense was premeditated.
In State v. Andrews, 94 0842 (La.App. 1st Cir. 5/5/95), 655 So.2d 448, 454, the defendant was sentenced to seven years imprisonment at hard labor for purse snatching and the sentence was found not to be excessive where the record reflected that the defendant was a third felony offender and had a number of arrests for different crimes.
In State v. Wade, 29,234 (La.App. 2nd Cir. 4/2/97), 693 So.2d 195, the 2nd Circuit upheld a three year imprisonment at hard labor sentence for a defendant that had not used a weapon when committing the offense of purse snatching, but did push a shopping cart into a pregnant victim's stomach.
In the above cases, which uphold purse snatching sentences, there were facts in the record, or the facts were articulated by the trial judge, justifying the sentence imposed. In this case, the record contains a report from the sanity commission that the Defendant, who has a 30 year history of mental illness, exacerbated his illness by the use of various illegal drugs. He supported these addictions by shoplifting. Although he had only one felony conviction, he had numerous arrests for misdemeanors. Even though the trial judge did not articulate reasons for the sentence, considering the Defendant's history, the ten year imprisonment at hard labor sentence is justified. Therefore, we find that the sentence is not excessive under these circumstances.

ERROR PATENT
The record was reviewed for errors patent in conformity with La.C.Cr.P. art. 920. No patent errors were found.
Accordingly, the Defendant's sentence is hereby affirmed.
AFFIRMED.
NOTES
[1] State v. Arthur Tribbit, 98-KH-762 (La.App. 5th Cir. 8/27/98).
[2] State v. Arthur Tribbit, 98-KH-1140 (La. App. 5th Cir. 11/5/98).