576 So.2d 1099 (1991)
STATE of Louisiana, Plaintiff-Appellee,
v.
John CLAY, Defendant-Appellant.
No. Cr 90-688.
Court of Appeal of Louisiana, Third Circuit.
March 13, 1991.
Writ Denied May 24, 1991.
*1100 G. Paul Marx, Lafayette, for defendant-appellant.
Michael Harson, Asst. Dist. Atty., Lafayette, for plaintiff-appellee.
Before STOKER, YELVERTON and KING, JJ.
YELVERTON, Judge.
Defendant, John Clay, was found guilty by a jury of attempted armed robbery in violation of La.R.S. 14:27 and 14:64. He was sentenced to serve seven years imprisonment at hard labor without benefit of probation, parole or suspension of sentence.
The defendant appeals on the basis of four assignments of error, of which three are properly briefed and before the court.

FACTS:
The crime took place on January 19, 1990 at the Delchamps store located on Frontage Road in Lafayette, Louisiana. On that date an individual later identified as the defendant, John Clay, entered the store and was observed by a store employee acting suspiciously. The employee, Donald D. Hebert, Jr., observed the defendant remove the contents out of a carton of cigarettes and conceal them in his pants and socks. The defendant then hid the empty carton in back of some other products on the shelf.
Hebert retrieved the empty carton and alerted the assistant manager of the store, Joseph Terry Guidry, as to what he had observed. The defendant went to the checkout counter in the front of the store and then proceeded to the back of the store. As the defendant proceeded to the back of the store, he was stopped by Hebert, Guidry and another store employee, Shannon Paul Rogers.
When the defendant was confronted about what was observed, he pulled out four to six packs of cigarettes from his socks and pants and returned them to Guidry.
Guidry went to the front of the store to summon the police, and Hebert and Rogers began to walk the defendant to a waiting room in the rear of the store to await the arrival of the police. As they walked to the rear of the store, the defendant bolted and ran to the front of the store but was unable to exit because the checkout aisles were blocked. The defendant then ran to the rear of the store where he was cornered by Hebert and Rogers.
At this time, the defendant pulled out a gun. Upon seeing the gun, Hebert and Rogers let the defendant go. The defendant then went to the front of the store, passed in front of Guidry, and proceeded out of the store with the gun and the remaining cigarettes.
Shortly after the incident and after the police arrived, all three of the store employees were shown a photographic lineup, in which they all picked the defendant as the person involved in the incident. In addition, all three employees in court positively identified the defendant as the perpetrator.

Assignments of Error No. 1:
Defendant contends that the trial court erred in that it prohibited him from presenting exculpatory evidence of the possibility of other thefts.
Defendant argues that the state failed to prove that the defendant had anything on his person at the time of the theft or that he left the store with anything on his person. *1101 The defendant asserts that he should have been allowed to show the occurrence of other thefts at that store, thus establishing the possibility that someone else could have taken some of the cigarettes out of that carton, and the possibility that all of the cigarettes taken by the defendant were returned when apprehended by the store employees.
The trial judge did not let him put on evidence of the possibility of other thefts, ruling that it was the state's burden to prove beyond a reasonable doubt that the defendant took an item or items of value, and that whether there were other thefts at the store was not relevant.
The defendant argues on this appeal that this testimony was highly relevant in order to establish the possibility that someone other than the defendant was responsible for partially emptying the carton, and that this was relevant in presenting his defense.
It is the responsibility of the court to exercise reasonable control over the presentation of the evidence. The trial judge is left with wide discretion as to the admissibility of evidence under pertinent evidence rules. The decision of the trial judge will not be overturned absent a clear abuse of discretion by the trial judge. Accord, State v. Prudholm, 446 So.2d 729 (La.1984); State v. Brown, 527 So.2d 12 (La.App. 3d Cir.1988). In the instant case a store employee testified that he saw the defendant take a carton of cigarettes from the carton rack in the store, take it to another part of the store, and empty it, secreting the individual packs in his clothes and in his socks. A full carton in the carton rack, according to the testimony, contains 10 packages of cigarettes. (Cartons in the carton rack are normally full.) No more than six were given up by the defendant. The jury evidently decided that he left the store with the other four.
The fact that this store had experienced thefts of cigarettes in the past by shoplifting had virtually no probative value on the issue of whether that carton had been previously pilfered. We affirm the trial judge's determination that such evidence was irrelevant in this case. No reasonable jury would have been impressed by such evidence. Its probative value was substantially outweighed by the considerations that it would cause undue delay and waste of time. La.C.E. art. 403.
This assignment of error lacks merit.

Assignments of Error No. 2 and 3:
These assignments of error are consolidated as they are interrelated and present common issues of law.
By assignment of error No. 2, defendant contends that the verdict is contrary to law in that the state failed to present any evidence of a taking as required in the statutory definition of armed robbery. By assignment of error No. 3, defendant contends that the verdict is contrary to law in that the state failed to exclude every reasonable hypothesis of innocence and therefore, the circumstantial evidence case does not support a verdict of guilt.
In reviewing a conviction for sufficiency of evidence, the standard is, when the evidence is viewed in a light most favorable to the state, could any rational trier of fact have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Lambert, 475 So.2d 791 (La.App. 3d Cir.1985), writ denied, 481 So.2d 1345 (La.1986).
In order to convict a defendant of armed robbery, in violation of La.R.S. 14:64, the state must prove that:
1) the defendant intentionally took something of value belonging to another;
2) the thing of value was taken from the possession of or immediate control of another;
3) the defendant used force or intimidation against the person in order to accomplish the taking; and
4) the defendant was armed with a dangerous weapon.
To prove an attempted armed robbery, the state must prove that the defendant 1) had a specific intent to commit the crime of armed robbery, and 2) did an act for the purpose of and tending directly *1102 toward the commission of the crime of armed robbery.
Defendant asserts that the state failed to prove that anything of value was taken and that the thing was in the immediate control of the store employee.
At trial, the testimony showed that the defendant took something of value belonging to another; namely, he was observed by a store employee, concealing a carton of cigarettes in his socks and pants. These cigarettes clearly belonged to the store, not the defendant. The thing of value was taken by the defendant from the store, which as the state contends, was under the immediate supervision and jurisdiction of the employees involved in this incident. Although at the time of the original concealing of the items in his socks and pants, the defendant did not use force or intimidation, he did use a gun in order to perfect the taking; he used a gun to accomplish the taking and escape from the premises when cornered by the store employees.
The defendant attempted to present an hypothesis of innocence by arguing that there was not a full carton of cigarettes which the defendant was seen emptying. Defendant asserts that there was no evidence to indicate that there were originally ten packs of cigarettes in the carton. The testimony, however, was that the carton was taken from the rack containing ten-pack cartons, and that it was taken to another part of the store and emptied. The empty carton was on the shelf where the defendant was seen leaving it.
It is the role of the fact finder to weigh the respective credibilities of the witnesses, and appellate courts will not second guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under Jackson. State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983); State v. Senegal, 542 So.2d 792 (La.App. 3d Cir. 1989). In the instant case, it is apparent that the trier of fact believed the testimony of the store employees. The evidence is both constitutionally and statutorily sufficient to support the defendant's conviction.
These assignments of error lack merit.

Assignment of Error No. 4:
This was an alibi assignment of error which was not briefed. It is considered abandoned.
The conviction is affirmed.
AFFIRMED.