FOIL, Judge.
Defendant, Johnny J. Myers, was charged by bill of information with armed robbery, in violation of La.R.S. 14:64. Defendant pled not guilty and waived his right to a jury trial. After a judge trial, defendant was found guilty of the responsive offense of first degree robbery and sentenced to seven years at hard labor without benefit of parole, probation or sus *978 pension of sentence. Defendant was given credit for time served. He appeals, urging two assignments of error. Finding merit to his argument, we reverse.
FACTS
The victim, David Wernert, was working as clerk in the Junior Food Mart located in Bogalusa when the incident occurred. Wernert testified that on August 1, 1990, he went into the back of the store (into a storage room) to get a dust pan to complete his sweeping. When he came out, he saw defendant standing by the cash register and hollered, “Hey”. When defendant held up his arm, Wernert saw a small dark object in his hand (possibly a gun); and Wernert dropped to the floor. After he heard defendant leave the store, Wernert stood up and telephoned the police. Defendant was subsequently arrested.
INSUFFICIENT EVIDENCE FOR FIRST DEGREE ROBBERY
Defendant contends that his motion for acquittal at the end of the state’s case should have been granted because of insufficient evidence. Defendant claims that the state failed to prove that a robbery was committed.
The evidence proves that a theft was committed, but theft is not a responsive offense of armed robbery. La.C.Cr.P. art. 814 A(22). The standard of review for sufficiency of the evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). State v. Britt, 510 So.2d 670 (La.App. 1st Cir. 1987).
. La.R.S. 14:64.1(A) defines first degree robbery:
First degree robbery is the taking of anything of value belonging to another from the person of another, or that is in the immediate control of another, by use of force or intimidation, when the offender leads the victim to reasonably believe he is armed with a dangerous weapon.
La.R.S. 14:67(A) defines theft as follows:
Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
At trial, defendant testified he already had the money when Wernert came back into the room, so he ran outside. Both Wernert and defendant testified Wernert was not present in the room while defendant took the money. When defendant was arrested, the money was recovered. Defendant certainly had the intent to permanently deprive the store owner of his money.
The offense of theft is a crime against property, whereas robbery is an offense against the person; the latter has a harsher penalty. It is the increased risk of danger to human life caused when a theft is attempted in the face of the victim’s opposition that caused the legislature to differentiate between robbery and mere theft. State v. Thomas, 447 So.2d 1053, 1055 (La.1984) (citing State v. Johnson, 411 So.2d 439, 441 (La.1982)). In the instant case, the state did not prove the essential element of robbery, the confrontation. Therefore, for the reasons herein stated, we find the state did not prove a robbery occurred. Thus, defendant’s conviction and sentence must be reversed. Moreover, we are unable to render a verdict of theft (under La.C.Cr.P. art. 821 E) because theft is not responsive to armed robbery. La.C.Cr.P. art. 814 A(22).
DECREE
For the foregoing reasons, the conviction and sentence are reversed, and the defendant is ordered discharged.
REVERSED; DEFENDANT DISCHARGED.