620 So.2d 1160 (1993)
STATE of Louisiana
v.
Johnny J. MEYERS.
No. 92-K-3263.
Supreme Court of Louisiana.
July 1, 1993.
*1161 Richard P. Ieyoub, Atty. Gen., New Orleans, Walter P. Reed, Dist. Atty., Covington, William J. Burris, Franklinton, William R. Campbell, Jr., New Orleans, for applicant.
James H. Looney, John R. Simmons, Jr., Covington, for respondent.
LEMMON, Justice[*].
We granted certiorari primarily to determine whether defendant's taking of money from a cash register during the momentary absence of the store clerk and his use of force or intimidation to effect an escape with the money when the clerk reappeared immediately after the taking constituted the crime of robbery.
On the night of the crime, the victim was alone in the convenience store where he worked as a clerk. He closed the cash register and went into a storage room at the rear of the store to get a dust pan. Upon hearing the click of the cash register latch, the clerk returned to the register area and caught defendant literally with his hands in the register. When the clerk yelled, "Hey," defendant dropped his hands to his side momentarily and then raised one hand holding something "small and black." Believing the object in defendant's hand to be a gun, the clerk jumped to the floor and rolled under the counter. Defendant then left the store, but was apprehended a short time later while still in possession of the money from the register.
Defendant admitted taking the money from the store and was charged with armed robbery. At trial defendant testified that he had already taken the money from the register by the time the clerk came to the front of the store and that he ran out as soon as the clerk appeared. After a bench trial the court found defendant guilty of the lesser and included offense of first degree robbery, which requires proof of a "taking ... by use of force or intimidation, when the offender leads the victim to reasonably believe that *1162 he is armed with a dangerous weapon." La.Rev.Stat. 14:64.1.
On appeal the court of appeal reversed the conviction, holding that the evidence was insufficient to support the conviction of first degree robbery. 610 So.2d 977 (La.App.1992). The court reasoned that since the clerk was not in the room when defendant took the money, the state had failed to prove a confrontation as an essential element of robbery. The court stated that theft is a crime against property while the more serious crime of robbery is a crime against the person, concluding that "the increased risk of danger to human life" differentiates the crimes. 610 So.2d at 978.
We granted certiorari to review the decision of the intermediate court and specifically to decide whether an accused's use of force to retain property taken in a theft may constitute the crime of robbery. 614 So.2d 69 (La.1993).
In reviewing the sufficiency of the evidence to support a conviction, an appellate court in Louisiana is governed by the standard enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under this standard the appellate court must determine that the direct and circumstantial evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt. State v. Captville, 448 So.2d 676 (La.1984).
La.Rev.Stat. 14:64.1, which defines first degree robbery, provides in pertinent part:
First Degree Robbery is the taking of anything of value belonging to another from the person of another, or that is in the immediate control of another, by use of force or intimidation, when the offender leads the victim to reasonably believe that he is armed with a dangerous weapon.
Defendant concedes there was a "taking" of money. Moreover, a rational trier of fact could have reasonably concluded that the latched register was in the "immediate control" of the clerk and that the clerk reasonably believed defendant was armed with a dangerous weapon.[1] The critical issue is whether defendant used force or intimidation to effectuate the taking. The court of appeal apparently concluded that the force must occur before, or contemporaneous with, the taking. We disagree.
At common law, robbery constituted a larceny from the person by violence or by putting him in fear. Clark and Marshall, A Treatise on the Law of Crimes § 12.09 (7th ed., Marian Q. Barnes ed. 1967). Clark and Marshall further stated the original approach to the timing of the violence or intimidation, observing that "[v]iolence after the takingas where a man picks another's pocket or snatches property, and when detected or seized, uses violence to retain possession or to escapecannot make the offense robbery." Id. at § 12.13. Moreover, Blackstone emphasized that the larceny must be accomplished by violence or intimidation in order to constitute robbery, writing that when "one privately steals sixpence from the person of another, and afterwards keeps it by putting him in fear, there is no robbery, for the fear is subsequent...." 4 Blackstone Commentaries 242 (1966 reprint).
In modern times, however, many jurisdictions have analyzed these issues more expansively and have distinguished the crime of robbery from a larceny and a later assault, limiting the latter to cases in which the intimidation or force was not directly related to the taking. In an attempt to address society's fears over the danger of violence during a larceny, many courts have classified the larceny as a class of *1163 robbery "if the violence or intimidation is part of the res gestae of the larceny...." Rollin M. Perkins, Criminal Law 349 (3d ed.1982). Under this view a robbery is committed, not only if the perpetrator uses force or intimidation to "take" possession of the property, but also if force or intimidation is used to retain possession immediately after the taking, or to carry away the property, or to facilitate escape. See Charles E. Torcia, 4 Wharton's Criminal Law § 478 (14th ed.1981).
The Model Penal Code has adopted the position that a robbery occurs if the force or intimidation takes place "in the course of committing a theft," specifying that the commission of a theft includes the flight after the attempt or commission. Mod. Pen.Code § 222.1(1). See also Perkins, supra, at 349 n. 43. The Model Code's approach focuses on whether the force or intimidation asserted against the victim is part of the entire act, and includes the use of force or intimidation to retain possession of the thing taken or to escape or prevent pursuit.
The court of appeal in the present case correctly observed that the purpose of the force or intimidation element of the crime of robbery is to distinguish, by imposition of a more severe penalty, those takings which pose a greater risk to the victim. The danger to the victim, however, is identical whether the force or intimidation is employed against the victim immediately before or immediately after the actual taking. We therefore conclude that the force or intimidation element of robbery is satisfied by evidence that force or intimidation directly related to the taking occurred in the course of completing the crime.
On the record in the present case a rational trier of fact could have concluded beyond a reasonable doubt that defendant used force or intimidation to retain possession of the money he had just taken from the register and to effect an escape from the scene. While the clerk did not see defendant until he had taken the money from the register, there was no doubt that defendant's act of holding up what the clerk reasonably believed to be a gun intimidated the clerk from attempting to regain possession of the money taken by defendant or to prevent defendant's escape. This intimidation was directed at the victim of the taking at the place of and immediately after the taking, and a rational juror could have concluded that the intimidation occurred in the course of defendant's committing a theft.
Accordingly, the judgment of the court of appeal is reversed, and the conviction and sentence are reinstated.
DENNIS, J., concurs.
The taking from the convenience store's operator was not complete when the robber brandished the weapon-like object.
NOTES
[*] Pursuant to Rule IV, Part 2, § 3, Kimball, J. was not on the panel which heard and decided this case. See footnote in State v. Barras, 615 So.2d 285 (La.1993).
[1] Although the clerk was momentarily out of sight of the register, he had it under his immediate control within the contemplation of the statute, because the taking under the circumstances presented an immediate threat of violence against the person of the victim. Furthermore, under the evidence viewed in the light most favorable to the prosecution, the clerk could have reasonably believed defendant had a gun, even though defendant did not indicate his possession of a weapon by threatening words.