# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 05-1206

**STATE OF LOUISIANA**

**VERSUS**

**JENNIFER RENEE ROBERSON**
**A/K/A JENNIFER ROBERTSON**
**A/K/A JENNIFER THOMAS**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 275397
HONORABLE BERT DEXTER RYLAND, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ELIZABETH A. PICKETT
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Elizabeth A. Pickett, Judges.

**CONVICTION VACATED AND REMANDED.**

**James Edward Beal**
**Louisiana Appellate Project**
**P. O. Box 307**
**Jonesboro, LA 71251-0307**
**(318) 259-2391**
**Counsel for Defendant-Appellant:**
**Jennifer Renee Roberson**

**James C. Downs**
**District Attorney - Ninth Judicial District Court**
**701 Murray Street**
**Alexandria, LA 71301**
**(318) 473-6650**
**Counsel for State-Appellee:**
**State of Louisiana**

**Charles Edward Johnson**
**Assistant District Attorney - Ninth Judicial District Court**
**6817 Lower Third Street**
**Alexandria, LA 71302**
**Counsel for State-Appellee:**
**State of Louisiana**

**Pickett, Judge.**

## FACTS

On August 31, 2004, the defendant entered a drug store in Alexandria, placed some deodorant in a plastic bag, and then walked out of the store's front door without paying for the deodorant. Two store employees tried to stop her from leaving, but she allegedly produced a box-cutter and cursed at them. They desisted, and the defendant left with the deodorant. The store manager contacted police, and the defendant was arrested following an investigation.

On October 20, 2004, the state filed a bill of information charging the defendant, Jennifer Renee Roberson, a.k.a. Jennifer Robertson, a.k.a. Jennifer Thomas, with armed robbery, a violation of La.R.S. 14:64. On April 7, 2005, a jury found the defendant guilty of a lesser-included charge, first degree robbery, a violation of La.R.S. 14:64.1.

On April 15, 2005, the court sentenced her to twenty years at hard labor, without benefit of parole, probation, or suspension of sentence.

The defendant now appeals her conviction, assigning two errors.

## ASSIGNMENTS OF ERRORS

The defendant asserts two assignments of error:

1.  The evidence is insufficient to convict the defendant of first degree robbery.

2.  Counsel for defendant was ineffective in this jury trial.

## ASSIGNMENT OF ERROR NO. 1

In her first assignment, the defendant argues that the evidence adduced at trial was insufficient to support her conviction for first degree robbery. Claims of insufficiency of trial evidence are analyzed under a long-established standard, as this court has explained:

When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of review. See *State ex rel. Graffagnino*, 436 So.2d 559 (citing *State v. Richardson*, 425 So.2d 1228 (La.1983)). In order for this Court to affirm a conviction, however, the record must reflect that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

*State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371.

The defendant does not attack the evidence per se. Rather, she questions the legal standard applied to the evidence. The defendant acknowledges taking the deodorant, and assumes the jury found that she had used a box-cutter to retain possession of the deodorant when the store employees approached her. Further, she acknowledges that under *State v. Myers*, 92-3263 (La. 7/1/93), 620 So.2d 1160, the use of force to retain a stolen item supports a conviction for first degree robbery. She argues, however, that this rule is rooted in common law and is incongruent with Louisiana's civilian tradition. She also contends the rule is incongruent with La.R.S. 14:64.1, which states in pertinent part:

First degree robbery is the taking of anything of value belonging to another from the person of another, or that is in the immediate control of another, by use of force or intimidation, when the offender leads the victim to reasonably believe he is armed with a dangerous weapon.

The defendant argues the statute requires that the intimidation or use of force must facilitate the initial taking of an item, not the retention of the item. In support, she cites a case from Tennessee's state supreme court.

2

As the Louisiana Supreme Court has already spoken on this issue, in a case which defendant acknowledges to be on point, that controlling law has been established and this court will not revisit the question. The *Myers* holding has set forth the interpretation of La.R.S. 14:64.1 that is to be used by Louisiana courts, and Tennessee jurisprudence has no bearing on the case. This assignment of error lacks merit.

## ASSIGNMENT OF ERROR NO. 2

In her second assignment of error, the defendant asserts her trial counsel was ineffective. The defendant argues her counsel was ineffective for three reasons: 1) for failing to object to the admissibility of a pre-trial letter in which she offered to plead guilty to a lessor charge; 2) for failing to object to an apparent misquote of the testimony by the state; and 3) for failing to object to the state's cross-examination of her regarding her prior arrests and convictions.

This court has previously explained the proper analysis for ineffective assistance claims:

> A defendant is entitled to effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution of 1974. This right is fundamental to our system of justice and a cornerstone in assuring the defendants receive a fair trial not unduly prejudiced by their counsel's ineffective assistance. "Effective counsel" has been defined to mean "not errorless counsel", and not counsel judged ineffective by hindsight, but counsel likely to render reasonably effective assistance *State v. Ratcliff*, 416 So. 2d 528, 531 (La. 1982)(quoting *United States v. Fruge,* 495 F. 2d 557, 558 (5 Cir. 1974)). The claim is assessed by the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct.2052, 80 L. Ed. 2d 674 (1984); *Id.* To prevent, the defendant must not only show that counsel's performance was deficient, but also that a reasonable probability existed that he was prejudiced by the deficiency. *Brooks*, 661 So.2d 1333. "A reasonable

probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. At 2068.

*State v. Antoine*, 00-564, p. 6 (La.App. 3 Cir. 12/6/00), 774 So.2d 353, 357.

Regarding her first argument, the defendant notes the following colloquy from her trial:

**MR. JOHNSON** [Assistant District Attorney]**: (continuing)**

. . . Ms. Roberson, I'm going to show you what I'm going to mark as State's exhibit - what number am I on? Five? Do you recognize this letter?

A    Uh-huh. (Yes)

Q    What is it?

A    A letter I wrote you.

Q    That's a letter you wrote to me, correct?

A    Yes. Yeah.

Q    That's your handwriting, correct?

A    Yeah.

Q    All right. Did you tell me in this letter, please drop the armed robbery charge to simple robbery and I'll take a plea bargain for five years?

A    Yes, I did say that. Yes, I did. Yes, I did say that.

**BY MR. JOHNSON:**

Judge, I'd offer State's Five.

**BY MR. KUTCH** [Defense counsel]**:**

I have no basis for objection, Your Honor.

4

**BY THE COURT:**

Admitted.

**(THERE UPON THE STATE'S EXHIBIT S-5 WAS MARKED FOR IDENTIFICATION AND RECEIVED INTO EVIDENCE)**

La. Code Evid.art. 410 states, in pertinent part:

A. General rule. Except as otherwise provided in this Article, evidence of the following is not, in any civil or criminal proceeding, admissible against the party who made the plea or was a participant in the plea discussions:

. . . .

(3) Any statement made in the course of any court proceeding concerning either of the foregoing pleas, or any plea discussions with an attorney for or other representative of the prosecuting authority regarding either of the foregoing pleas; or

(4) Any statement made in the course of plea discussions with an attorney for or other representative of the prosecuting authority which do not result in a plea of guilty or which result in a plea of guilty later withdrawn or set aside.

The letter written by the defendant to the prosecutor, and admitted as Exhibit S-5, was clearly inadmissible. Defense counsel not only failed to object to the questions asked the defendant regarding the letter, and the admission of the letter into evidence, but specifically stated "I have no basis for objection, Your Honor." This suggests that defense counsel was unaware of the provisions of La.Code Evid. art. 410 and that the letter and any questions pertaining to its contents were inadmissable.

Under the first part of the two-part test enunciated in *Strickland*, the defendant must show that counsel's performance was deficient. We find that defense counsel's performance was in fact deficient and the defendant has satisfied the first part of the *Strickland* test. In the second part of the *Strickland* test, the defendant must show that a reasonable probability existed that she was prejudiced by the deficiency.

5

After reviewing the evidence as a whole, we conclude that there is at least a reasonable probability that the defendant was prejudiced by the admission of the clearly inadmissible material to which defense counsel said he had no basis for objection. There was never any question that the defendant stole the deodorant from the store and, in fact, she admitted it when she testified. She consistently denied having possession of, or brandishing at the store employees, the box cutter she allegedly used in the commission of the crime. The jury was, therefore, required to make a credibility determination regarding the testimony of the store employees and the defendant to resolve whether the state proved the defendant possessed and used the box cutter. The inadmissible evidence presented to the jury of the defendant's willingness to enter a plea of guilty to the offense of simple robbery and accept a five-year sentence was clearly prejudicial toward the defendant and the probability is high that this impacted the jury's credibility determination. The state, by questioning the defendant as to the contents of the plea offer, and offering the written letter into evidence, violated a clear and direct statutory prohibition. Defense counsel failed to object and the result was to improperly place highly prejudicial and inadmissible information before the jury.

We find the defendant was denied effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution of 1974. Accordingly, the defendant's conviction is vacated and this matter is remanded to the trial court.

**CONVICTION VACATED AND REMANDED.**

6