STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 06-1568


STATE OF LOUISIANA

VERSUS

JENNIFER RENEE ROBERSON
A/K/A JENNIFER ROBERTSON
A/K/A JENNIFER THOMAS


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 275397
HONORABLE DONALD THADDEUS JOHNSON, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and J. David Painter, Judges.


CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED
WITH INSTRUCTIONS.


James Edward Beal
LA. Appellate Project
P. O. Box 307
Jonesboro, LA 71251-0307
(318) 259-2391
Counsel for Defendant/Appellant:
Jennifer Renee Roberson

**James C. Downs**
**District Attorney - Ninth Judicial District Court**
**701 Murray Street**
**Alexandria, LA 71301**
**(318) 473-6650**
**Counsel for Plaintiff/Appellee:**
**State of Louisiana**

**Charles Edward Johnson**
**6817 Lower Third Street**
**Alexandria, LA 71302**
**Counsel for Plaintiff/Appellee:**
**State of Louisiana**

**EZELL, JUDGE.**

On October 20, 2004, the State filed a bill of information charging the Defendant, Jennifer Renee Roberson, a.k.a. Jennifer Robertson a.k.a. Jennifer Thomas, with armed robbery, a violation of La.R.S. 14:64. On April 7, 2005, a jury found the Defendant guilty of first degree robbery. She was subsequently sentenced to twenty years at hard labor to be served without benefit of probation, parole, or suspension of sentence.

The Defendant appealed her conviction and in *State v. Roberson*, 05-1206 (La.App. 3 Cir. 3/1/06), 924 So.2d 1201, this court vacated the Defendant's conviction and remanded the matter to the trial court after finding the Defendant was denied effective assistance of counsel.

On April 4, 2006, the bill of information was amended to charge the Defendant with first degree robbery, a violation of La.R.S. 14:64.1. Jury selection began on April 4, 2006, and the Defendant was found guilty of the responsive verdict of simple robbery, a violation of La.R.S. 14:65, on April 6, 2006.

A bill of information charging the Defendant as a habitual offender was filed on April 19, 2006. The Defendant was arraigned on the habitual offender bill on April 24, 2006 and entered a plea of not guilty. Subsequently, on September 8, 2006, the Defendant was sentenced to seven years for simple robbery.

On September 25, 2005, the Defendant was found to be a habitual offender. The judge ordered the Defendant to return to court on October 2, 2006, and the judge indicated he would submit written reasons for his finding and for formal sentencing at that time. The Court was informed by the trial court clerk's office that the October 2, 2006 hearing was not held nor has it been rescheduled. The Defendant filed a motion for appeal on September 25, 2006.

1

The Defendant is now before this court asserting two assignments of error. Therein, the Defendant contends the evidence was insufficient to convict her of simple robbery and the prosecutor made improper references to her refusal to testify and to other crimes, requiring a mistrial. We find these assignments of error lack merit.

## FACTS

On August 31, 2004, the Defendant entered Eckerd Drug Store in Alexandria, placed some deodorant in a plastic bag, and then walked out of the store's front door without paying for the deodorant. The store's manager, Victoria Roy, and her assistant, Jackie Fuller, tried to stop the Defendant from leaving, but the Defendant allegedly pushed one of the employees, told the employees "You bitches better stop f_ _ _ing with me," and produced a box-cutter. The employees desisted, and the Defendant left with the deodorant. The store manager contacted the police and, following an investigation, the Defendant was arrested.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by the court for errors patent on the face of the record. After reviewing the record, we find there are several errors patent.

First, the trial court imposed an indeterminate sentence. The penalty provision for simple robbery provides for the sentence to be imposed with or without hard labor. La.R.S. 14:65(B). The sentencing transcript indicates trial court imposed a sentence of seven years without specifying whether the sentence was to be served with or without hard labor. Although the sentencing minutes indicate the sentence was imposed with hard labor, "it is well settled that when the minutes and the transcript conflict, the transcript prevails." *State v. Wommack*, 00-137, p. 4 (La.App.

2

3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62. Thus, we find the sentence imposed by the trial court is indeterminate and should be vacated. The case should be remanded for resentencing and the trial court instructed to specify whether the sentence is to be served with or without hard labor. *See State v. Duplichan*, 06-852 (La.App. 3 Cir. 12/6/06), 945 So.2d 170, *State v. Morain*, 06-710 (La.App. 3 Cir. 11/2/06), 941 So.2d 720 and *State v. Loyden*, 04-1558 (La.App. 3 Cir. 4/6/05), 899 So.2d 166.

Second, the trial court failed to delay sentencing for twenty-four hours after it denied the Defendant's motion in arrest of judgment. Louisiana Code of Criminal Procedure Article 873 requires a twenty-four-hour delay between the denial of a motion for new trial or a motion in arrest of judgment and the imposition of sentence. We have not considered whether the facts of the present case support an implied waiver of the delay because any error is rendered moot by our recommendation that the Defendant be resentenced. Additionally, any error would be harmless since Defendant does not argue excessiveness of her sentence on appeal and does not claim she was prejudiced by the lack of delay. *State v. Boyance*, 05-1068 (La.App. 3 Cir. 3/1/06), 924 So.2d 437, *writ denied*, 06-1285 (La.11/22/06), 942 So.2d 553; *State v. Shepherd*, 02-1006 (La.App. 3 Cir. 3/5/03), 839 So.2d 1103.

Next, it is questionable whether the trial court advised the Defendant of her right to a hearing as to the habitual offender charge filed against her. Court minutes dated April 24, 2006, indicate the Defendant was arraigned on the habitual offender bill. The transcript of this proceeding is not included in the record; however, the transcript of the subsequent September 8, 2006 sentencing proceeding also indicates the Defendant was previously arraigned on the habitual offender bill. At the September 8, 2006 proceeding, the Defendant was advised that she had been charged

3

with a new offense, that she had a right to remain silent and file whatever motions were necessary through her counsel. The court advised her that her hearing on the habitual offender bill was set for September 25, 2006. On September 25, 2006, a habitual offender hearing was held and the Defendant was found to be a habitual offender. The judge ordered the Defendant to return to court on October 2, 2006, and he indicated he would submit written reasons for his finding and for formal sentencing at that time. We were informed by the trial court clerk's office that the October 2, 2006 hearing was not held, nor has it been rescheduled.

This court has held that the failure to so advise the defendant is harmless when a hearing is held at which the defendant is adjudicated a habitual offender. *State v. Pitre*, 04-1134 (La.App. 3 Cir. 2/9/05), 893 So.2d 1009. In the present case, a hearing was held, at which the Defendant was adjudicated a habitual offender. Thus, we find the failure to advise the present Defendant of her rights resulted in harmless error.

Finally, the record does not indicate that the trial court advised the Defendant of the prescriptive period for filing post-conviction relief as required by La.Code Crim.P. art. 930.8. Thus, the trial court is directed to inform the Defendant of the provisions of Article 930.8 at resentencing.

**ASSIGNMENT OF ERROR NUMBER ONE**

In her first assignment of error, the Defendant contends the evidence was insufficient to convict her of simple robbery. The Defendant states that the evidence is undisputed that she entered the Eckerd Drug Store on August 31, 2004, shoplifted deodorant, and placed it in a plastic bag which she was carrying. The Defendant does dispute that employees of the store tried to stop her from leaving, but were pushed and hit in the stomach as they tried to tear the bag open, and that she pulled a box

4

cutter out of her pocket as she was leaving and threatened the store manager. The Defendant then discusses the testimony of Corporal Todd Beebe, who testified that the store employees did not indicate that a robbery had taken place or that an item had been taken from the immediate control of the employees.

> In evaluating the sufficiency of the evidence to support a conviction, a reviewing court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Captville*, 448 So.2d 676, 678 (La.1984).

*State v. Weary*, 03-3067, p. 17 (La. 4/24/06), 931 So.2d 297, 310, *cert. denied*, __ U.S. __, 127 S.Ct. 682 (2006).

The Defendant was convicted of simple robbery. "Simple robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, but not armed with a dangerous weapon." La.R.S. 14:65(A).

The Defendant does not contest the fact that she took deodorant from Eckerd and did not pay for it. The Defendant admitted to the taking in her statement to Detective Robert Distefano. However, the Defendant denied having a box cutter. Notwithstanding, she argues the deodorant was not taken from the immediate control of the store employees, Roy and Fuller, and that no force or intimidation was used during the taking. We will now discuss whether the deodorant was in the immediate control of Roy and Fuller.

In *State v. Clay*, 576 So.2d 1099 (La.App. 3 Cir.), *writ denied*, 580 So.2d 669 (La.1991), the defendant was found guilty of attempted armed robbery. The defendant entered Delchamps grocery store where an employee observed the defendant remove the contents of a carton of cigarettes and conceal them in his pants

5

and socks. The defendant went to the checkout counter in the front of the store and then proceeded to the back of the store, where he was stopped by store employees. At that time, the defendant removed four to six packs of cigarettes from his clothing. The employees then walked the defendant toward a waiting area at the rear of the store. However, the defendant ran toward the front of the store, but was unable to exit because the checkout aisles were blocked. The defendant proceeded to run to the rear of the store where he was cornered by store employees. At that time, the defendant pulled out a gun. The store employees then let the defendant go, and he left the store with the remaining cigarettes.

On appeal, the defendant in *Clay* argued the state failed to prove that anything of value was taken and that the cigarettes were in the immediate control of the store employee. In upholding the defendant's conviction, this court stated the following:

> The thing of value was taken by the defendant from the store, which as the state contends, was under the immediate supervision and jurisdiction of the employees involved in this incident. Although at the time of the original concealing of the items in his socks and pants, the defendant did not use force or intimidation, he did use a gun in order to perfect the taking; he used a gun to accomplish the taking and escape from the premises when cornered by the store employees.

*Id*. at 1102.

Based on the language in *Clay*, we find the deodorant was in the immediate control of Roy and Fuller, as they were employees of Eckerd. We will now determine whether any force or intimidation was used by the Defendant when the taking occurred.

In support of her argument, the Defendant cites *State v. Meyers*, 620 So.2d 1160 (La.1993). In *Meyers*, the supreme court held that use of force to retain a stolen item supports a conviction for first degree robbery. The court noted the danger to the

6

victim was identical whether the force or intimidation was employed against the victim immediately before or immediately after the actual taking.

Roy, the store manager, testified that she asked the Defendant to take the deodorant out of the bag as the Defendant exited the store and the Defendant refused. Roy then tried to tear the bag open, and the Defendant pushed her in the stomach and left the store. Once outside, the Defendant told Roy and the other employee, Fuller, "You bitches better stop f_ _ _ing with me." Fuller testified that the Defendant was mad and angry at that time. Roy also testified that the Defendant was angry, talking loud, and became aggressive when Roy attempted to take the deodorant out of the bag.

The Defendant pushed Roy and used threatening language in an attempt to retain the deodorant. Based on *Meyers*, we find the Defendant's actions were sufficient to support the use of force or intimidation element of simple robbery.

The Defendant points out that Corporal Beebe testified that Roy and Fuller did not mention a weapon, being threatened, fearing for their lives, or any concern other than a theft. However, we find the verdict clearly demonstrates the jury chose to believe the testimony of Roy and Fuller. That credibility determination should not be second guessed by this court. *State v. Thompson*, 06-474 (La.App. 3 Cir. 11/8/06), 943 So.2d 621 (*citing State v. Anderson,* 03-1601 (La.App. 3 Cir. 5/12/04), 872 So.2d 1251). Therefore, we find the State proved beyond a reasonable doubt that the Defendant took deodorant that was in the immediate control of Roy and Fuller by use of force or intimidation. Accordingly, this assignment of error lacks merit.

## ASSIGNMENT OF ERROR NUMBER TWO

In her second assignment of error, the Defendant contends the prosecutor made an improper reference to her refusal to testify and to other crimes, requiring a mistrial.

During closing arguments the following comments were made by the State:

> We also know that those two young ladies knew who Jennifer Roberson was before she got in there, because Mr. Kutch, in his infinite wisdom, asked the witness, "Had y'all seen her before?" She's been arrested for shoplifting in there before. Y'all all remember him saying that? Both of those witnesses said yes.

The argument continued as follows:

> Those two ladies did not lie to y'all. They have no reason to lie. Everything that they testified to is uncontradicted.

> Ms. Roberson is not required to put on a defense; she doesn't have to testify. But nothing that Joe Kutch asked those two ladies on cross-examination undercuts my case. Nothing. Nothing. They told y'all what happened. Nothing that Mr. Kutch asked those two ladies on cross-examination cast doubt, at all, on what they said. Nothing.

Defense counsel neither objected to these remarks nor moved for a mistrial. The Defendant's failure to object constitutes a waiver of her objection and precludes appellate review of the issues asserted in this assignment of error. La.Code Crim.P. art. 841. Accordingly, we will not review this assignment of error.

## CONCLUSION

The Defendant's conviction is affirmed. However, the Defendant's sentence is vacated and the case remanded for resentencing, with the trial court being instructed to specify whether the sentence is to be served with or without hard labor. Additionally, the trial court is instructed to inform the Defendant of the provisions of La.Code Crim.P. art. 930.8 at resentencing.

**CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED WITH INSTRUCTIONS.**

8